# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2675
_____

United States of America

*Plaintiff - Appellee*

v.

Malik Johnson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 17, 2025
Filed: December 18, 2025
[Unpublished]

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Malik Johnson pled guilty to interstate transportation of stolen property in violation of 18 U.S.C. § 2314. The district court[1] varied upward, sentencing him to

---

[1]The Honorable John A. Ross, United States District Court Judge for the Eastern District of Missouri.

60 months in prison.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Johnson believes the district court erred in varying upward and imposing a 60-month sentence (guideline range was 30 to 37 months).  This court reviews the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  *Id*. (internal quotation marks omitted).  It "will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable."  *Id*. at 464.

Johnson disputes the district court's characterization of his crime as "well-planned" and "well-thought-out."  This dispute has no merit.  As the district court concluded, the uncontested facts are all consistent with planning and deliberation:

> There are a number of troubling circumstances about the case; and actually, I arrived at an entirely different conclusion about the circumstances of the offense than you did, or that you have articulated. It appeared to me that this is—this was a well-planned incident.  So I'm unsure I understand why you think it was a crime of opportunity.
>
> He waited until the Brinks' driver went into a store to collect money.  He had to act quickly.  He tried the door, and then he smashed out the window with a screwdriver that he had obtained from the car. So he clearly had—it appears to me that it was a well-planned crime.

The court then thoroughly explained its reason for varying upward:

> As I say, I'm concerned about a number of things in this case. I'll start with Mr. Johnson's criminal history.  He has a 2014 aggravated robbery, as a juvenile.  He has burglary of a building.  Convictions from 2015 and 2016, all of which he got no points for.

He then had in 2018, the Federal conviction where he and others were traveling to different parts of the country, and they were breaking into Walgreens stores. Mr. Johnson was arrested, and in the vehicle that he was arrested in, where he had been, they located a sledgehammer, crowbar, and a small pry bar that were used to gain entry into the Walgreens store. They stole a number of drugs, and he was convicted of conspiracy with intent to distribute a number of drugs. So he serves a 36 month sentence in Federal Court back in 2018. And again, that occurred in Arkansas.

And then he has a 2022 evading arrest conviction in Houston, and then he is here, and he has some other cases they are pending. But again, he was in different parts of the country. I don't know whether he is guilty of those offenses or not, but it certainly would indicate that he is going to different parts of the country.

Again, in this instance, whether he just happened to be at that shopping center or not, and I question that he just happened to be in that circumstance. In any event, he had to wait for the Brinks' driver to go into the store. He went to the Brinks' truck, tried the door, then went back to his vehicle, got a screwdriver. The fact that he had a screwdriver handy in the car makes me wonder if there was other criminal activity in mind or just this activity.

But, in any event, he breaks out the window, and is able to steal $319,000, and then returns to Texas. It does give the appearance of a well-thought out, continuing pattern of criminal activity in different parts of the country, and I just don't believe that the guidelines sufficiently reflect the seriousness of the crime, and all of the circumstances. The guidelines just don't do that.

He got a 36 month sentence before, and it clearly didn't deter him. He continued to engage in other criminal activity. And again, the Court believes that the Sentencing Guidelines simply don't reflect the seriousness of the criminal conduct. In some respects, I think it under represents his criminal history.

Given all of the circumstances, the Court does believe that an above guideline sentence is appropriate. In trying to determine what I think is the appropriate sentence, again, I have considered all of the

facts and circumstances, all of the 3553(a) factors, all of the sentencing considerations in this case, and the Court believes that a sentence of 60 months. I recognize it is above the guideline range, but under all of the circumstances in this case, the Court believes that that is the sentence that is sufficient, but not greater than necessary to meet the statutory sentencing objectives.

The court did not abuse its discretion in varying upward. *See United States v. Isler*, 983 F.3d 335, 344 (8th Cir. 2020) (affirming an upward variance based on a "history of multiple traffic infractions and a drug conviction which was over two decades old," noting that even "minor crimes may show a likelihood of recidivism if they portray a defendant who is particularly incorrigible" and an extensive record may indicate "that leniency has not been effective").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____